Bison Capital Corp. v Hunton & Williams LLP (2021 NY Slip Op 00082)





Bison Capital Corp. v Hunton & Williams LLP


2021 NY Slip Op 00082


Decided on January 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 07, 2021

Before: Renwick, J.P., Kern, Mazzarelli, Shulman, JJ. 


Index No. 153793/15 Appeal No. 12831 Case No. 2019-4659 

[*1]Bison Capital Corporation., Plaintiff-Appellant,
v
Hunton & Williams LLP, Defendant-Respondent.


Press Koral LLP, New York (Matthew J. Press of counsel), for appellant.
Sherman Wells Sylvester & Stamelman LLP, New York (Anthony J. Sylvester of counsel), for respondent.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered April 5, 2019, which granted defendant's CPLR 3211(a)(1) and (7) motion to dismiss the complaint, unanimously modified, on the law, to reinstate that part of the breach of contract claim predicated on defendant's ignoring an express instruction from plaintiff to place liens on the judgment debtor's property, and otherwise affirmed, without costs.
In light of the basis for the court's ruling in the underlying action, plaintiff's allegations of malpractice all fall under either the attorney judgment rule or the case within a case doctrine (see Rosner v Paley, 65 NY2d 736, 738 [1985]; Warshaw Burstein Cohen Schlesinger & Kuh, LLP v Longmire, 106 AD3d 536 [1st Dept 2013], lv denied 33 NY3d 914 [2019], cert denied US , 140 S Ct 2510 [2020]).
With regard to the breach of contract claims, contrary to plaintiff's assertion, the retainer agreement does not promise a particular result (see Winegrad v Jacobs, 171 AD2d 525 [1st Dept 1991]). The failure of a particular partner to attend depositions cannot be tied to any particular outcome of the case, and damages from that alleged breach are purely speculative.
However, plaintiff's allegation, in its president's affidavit, that he expressly instructed defendant to place liens on the judgment debtor's assets, states a claim for breach of contract. While the failure to identify when or to whom the instruction was given may raise issues of credibility with regard to the allegation, on a motion addressed to the pleading, this was sufficient.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2021